JAMES McGLINCHY *vs.* HIRAM WINCHELL and trustee.

*Trustee not chargeable for monies due under an illegal contract.*

Where the only claim the principal defendant has against the supposed trustee is for the price of intoxicating liquors purchased in Massachusetts for the purposes of illegal sale in this State, the trustee will be discharged.

ON EXCEPTIONS.

ASSUMPSIT for money had and received. No service was made on the principal defendant who is a resident of Boston, Mass. Patrick Tobin, the alleged trustee, disclosed that his only indebtment to Mr. Winchell was for liquors purchased in Boston and intended for illegal sale in this State. Having been charged upon this disclosure, he excepted.

*M. P. Frank,* for the trustee.

*A. A. Strout,* for the plaintiff.

WALTON, J. The question is whether one is chargeable as trustee for the price of intoxicating liquors purchased out of the State with intent to sell the same in violation of law within the State. We think not. In this State a claim for intoxicating liquors, purchased with intent to sell the same in violation of law, cannot be enforced. Such a claim creates no debt, no legal liability, which the law will enforce. It matters not that the liquors are purchased out of the State. If purchased with intent to sell the same in violation of law within the State, an action for their price cannot be here maintained. R. S., c. 27, § 50; *Meservey* v. *Gray*, 55 Maine, 540. To allow a trustee suit to succeed would be an evasion of the statute. What the seller could not collect in his own name he could easily collect in the name of some friendly creditor. This the law will not allow. *Exceptions sustained.*

*Trustee discharged.*

APPLETON, C. J., DICKERSON, DANFORTH and VIRGIN, JJ., concurred.